EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Ángel Luis Flores Fernández | 2016 TSPR 130 <br><br> 195 DPR ____ |

Número del Caso: TS-5,284

Fecha: 22 de junio de 2016

Abogada del Peticionario:

      Lcda. Carmen I. Navas
      Procuradora del Abogado

Materia: Reinstalación al ejercicio de la Abogacía.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ángel Luis Flores Fernández                 TS-5,284


RESOLUCIÓN


En San Juan, Puerto Rico, a 22 de junio de 2016.

Examinado el escrito titulado *Reconsideración a la orden sobre moción en solicitud de baja voluntaria* presentado por el Sr. Ángel L. Flores Fernández, se provee ha lugar al mismo.

Se reinstala al peticionario a la práctica de la abogacía, y simultáneamente, autorizamos su solicitud de cambio de estatus a abogado inactivo en el Registro Único de Abogados y Abogadas (RUA).[1] En consecuencia, se ordena a la Secretaría registrar el cambio de estatus a abogado inactivo en RUA. Le advertimos al peticionario que mientras tenga el estatus de abogado inactivo no podrá ejercer la profesión de la abogacía hasta que solicite y obtenga la autorización para ser reactivado por parte de este Tribunal. De solicitar su reactivación al ejercicio de la abogacía, el peticionario tendrá que cumplir con los créditos que disponga la Junta del Programa de Educación Jurídica Continua, lo cual dependerá del tiempo que haya estado inactivo.

---

[1] El Sr. Flores Fernández presentó una solicitud jurada de cambio de estatus a abogado inactivo el 18 de noviembre de 2015.

Además, el peticionario está obligado a notificar cualquier cambio de dirección postal o física al Secretario de este Tribunal, conforme lo requiere la Regla 9(j) del Reglamento del Tribunal Supremo, según enmendado, 4A LPRA Ap. XV-B, R. 9.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez proveería no ha lugar al escrito presentado y hace constar la siguiente expresión a la cual se unió la Jueza Asociada señora Pabón Charneco:

> La Juez Asociada señora Rodríguez Rodríguez proveería *no ha lugar*. Estimo que el proceder mayoritario no es cónsono con nuestros pronunciamientos en torno a las consecuencias que acarrea incumplir con los requisitos de educación jurídica continua. En particular, hemos sido consistentes al condicionar la reinstalación al ejercicio de la abogacía, en casos donde la suspensión ha sido decretada por la inobservancia con estos requisitos, al cumplimiento con la totalidad de los créditos adeudados. Considerando que el Sr. Ángel L. Flores Fernández no ha subsanado el incumplimiento por el cual fue suspendido, es improcedente siquiera reinstalarlo al ejercicio de la abogacía. Véase *In re: Prado Rodríguez*, 190 DPR 361 (2014); *In re: Del Campo Alomar*, 188 DPR 587 (2013); *In re: Piñero Vega*, 188 DPR 77 (2013).

El Juez Asociado señor Estrella Martínez proveería no ha lugar.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo